UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-81884

CHRISTOPHER PIERCE,

    Plaintiff,

vs.

FLANIGAN'S ENTERPRISES, INC., a Florida
Corporation, and CIC INVESTORS #65, LTD
d/b/a FLANIGAN'S SEAFOOD BAR AND GRILL,
a Florida limited partnership,

    Defendant.
_____/

## **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

COME NOW, the Defendants, Flanigan's Enterprises, Inc. and CIC investors #65, LTD, by and through their undersigned attorneys, and answer the Plaintiff's Complaint as follows:

### **ANSWER**

1.    These Defendants admit the allegations of paragraphs 4, 5, 6, 7, and 8 of the Plaintiff's Complaint.

2.    These Defendants deny each and every material allegation of the Plaintiff's Complaint not specifically admitted above and demand strict proof thereof.

### **AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a cause of action for violation of the Civil Rights Act of 1964.

2.    The Complaint fails to state a cause of action for violation of the Civil Rights Act of 1991.

3.    As a separate and affirmative defense, these Defendants would state that they had in place a policy and procedure by which employees, such as the Plaintiff, were to report any intimidation, harassment, discrimination, or grievance to an individual in the company's human resources department, and the Plaintiff was informed and aware of that policy and procedure, but the Plaintiff did not follow nor utilize the company's policy and procedure, thereby failing to

mitigate his damages, if any, and thereby failing to provide the Defendants with the opportunity to resolve or correct any alleged improper actions. Therefore, the Plaintiff's damages should be barred or reduced.

4. As a separate and affirmative defense, the Defendants would state that the Plaintiff has failed to mitigate his damages, if any, and therefore, to the extent that the Plaintiff has failed to mitigate his damages, he is barred from recovery or his damages must be reduced.

5. As a separate and affirmative defense, the Defendants would state that the Plaintiff's Complaint is barred by the doctrine of laches.

6. As a separate and affirmative defense, the Defendants would state that Plaintiff cannot establish a cause of action where he was not treated in a disparate manner because of his race, color, or national origin.

7. As a separate and affirmative defense, the Defendants would state that, without conceding that any inappropriate or illegal behavior occurred, any actions taken in regard to or affecting Plaintiff's employment were based on legitimate business concerns and are in no way related to Plaintiff's alleged membership in a protected class, his race, his color, or his national origin.

8. As a separate and affirmative defense, the Defendants would state that Plaintiff's claim for relief must be set off and/or reduced by wages, compensation, pay, commissions, benefits, profits, and all other earnings or renumerations, regardless of form, received by Plaintiff, or which were earnable or receivable with reasonable diligence.

9. As a separate and affirmative defense, the Defendants would state that the damages claimed by Plaintiff are speculative, and therefore, not recoverable.

10. As a separate and affirmative defense, the Defendants would state that Plaintiff acted in such a manner to cause all or part of his damages and therefore, his recovery, if any, should be barred or reduced accordingly.

11. As a separate and affirmative defense, the Defendants would state that Plaintiff sustained no injury or damage because of any action or inaction taken by the Defendant.

12. As a separate and affirmative defense, the Defendants would state that Defendant had legitimate, non-discriminatory reasons for all employment decisions taken with regard to Plaintiff.

13. As a separate and affirmative defense, the Defendants would state that, without conceding that any inappropriate or illegal behavior occurred, all employment decisions related to

Plaintiff were performed or carried out in good faith, based upon reasonable grounds for believing that the conduct was not in violation of any federal or state statute.

14. As a separate and affirmative defense, the Defendants would state that, without conceding that any inappropriate or illegal behavior occurred, if Plaintiff can state a claim, Defendant reserves the right to rely upon a "mixed motives" defense because even if Plaintiff provides evidence that Defendant, in making any adverse employment decision, was motivated in part by an impermissible consideration, Defendants would have taken the same employment action(s) even in the absence of the impermissible consideration.

15. As a separate and affirmative defense, the Defendants would state that, without conceding that any inappropriate or illegal behavior occurred, Plaintiff's damages may be limited by the doctrine of after-acquired evidence.

16. As a separate and affirmative defense, the Defendants would state that, without conceding that any inappropriate or illegal behavior occurred, if Plaintiff has suffered injuries or emotional distress, Defendant is not liable for these injuries due to intervening and superseding causes.

WHEREFORE, the Defendants demand judgment in their favor, including the awards of fees and costs, and furthermore demand trial by jury of all issues so triable as a right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, I also certify that the foregoing document is being served this day on counsel of record in this action, Tina El Fadel, Esq., Attorney for Plaintiff, 2424 N. Federal highway, Suite 200, Boca Raton, Fl 33431 (tina@ks-law.com; eservice@ks-law.com) via transmission of Notices of Electronic Filing generated by CM/ECF.

ROBERTS, P.A.
***Attorneys for Defendant, Flanigan's***
Offices at Grand Bay Plaza
2665 South Bayshore Drive, Suite 300
Coconut Grove, Florida 33133
Telephone: 305-442-1700
Fax: 305-442-2559
E-mail: roberts@robertspa.com

By:   s/: H. Clay Roberts
H. CLAY ROBERTS
Fla. Bar No.: 262307